**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| **STEVAN SMALLOW, M.D.** <br> 3101 S. Ocean Drive, Apt. 402 <br> Hollywood, FL 33019 <br><br> and <br><br> **SUSAN SMALLOW** <br> 3101 S. Ocean Drive, Apt. 402 <br> Hollywood, FL 33019 <br> *Plaintiffs*, <br> vs. <br><br> **THE MILTON AND BETTY KATZ JEWISH COMMUNITY CENTER OF ATLANTIC COUNTY** *a/k/a and/or d/b/a* **MILTON & BETTY KATZ JCC** <br> 501 North Jerome Avenue <br> Margate City, NJ 08402-1525 <br><br> and <br><br> JOHN DOES (1-10), JANE DOES (1-10) <br> ABC CORPORATION (1-10), <br> ABC PROFESSIONAL ASSOCIATION (1-10) <br> XYZ INSTITUION (1-10), and <br> XYZ PARTNERSHIP (1-10) <br> *Defendants*. | **CIVIL ACTION** <br><br> No. _____ <br><br><br> **JURY TRIAL DEMANDED** <br><br><br> **COMPLAINT** |

## I. PRELIMINARY STATEMENT

1. On January 11, 2017, Stevan Smallow, M.D. suffered severe and permanent injuries when he fell while playing pickleball at the Milton & Betty Katz JCC in Margate City, New Jersey.

2. Specifically, Dr. Smallow's head violently collided with an unpadded cinderblock wall and he suffered a traumatic brain injury, fractured temporal bone, epidural hematoma, right temporal extra-axial hemorrhage and left-sided subarachnoid hemorrhage.

3. As a result of those injuries, Dr. Smallow has undergone, and continues to undergo, extensive medical treatment and surgeries to treat his brain injury, conductive hearing loss, superior semicircular canal dehiscence of the ears, bilateral vestibular hypofunction and severe tinnitus, among other debilitating injuries.

4. Dr. Smallow's tragic injuries were preventable.

5. The Katz JCC knew of the risk of injury to Dr. Smallow when advertising that it would host pickleball in their gymnasium.

6. However, the Katz JCC failed to install proper padding in the gymnasium, failed to safely position the pickleball court, failed to properly maintain the surface of the gymnasium, and failed to take reasonable steps to insure the safety of its' business invitees including Dr. Smallow.

## II. JURISDICTION and VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00) and there is diversity of citizenship between the parties.

8. Venue in this Court is proper under 28 U.S.C. § 1391 because the Defendant resides within this district and the incident involved herein occurred within this district.

## III. THE PARTIES

9. Plaintiffs, *Stevan Smallow, M.D.* and *Susan Smallow* are citizens and residents of the State of Florida, residing at the above captioned address.

10. Plaintiffs are married.

11. Defendant, *The Milton and Betty Katz Jewish Community Center of Atlantic County* a/k/a and/or d/b/a *Milton & Betty Katz JCC* (hereinafter as the "Katz JCC"), is a

corporation organized and existing under and by virtue of the laws of the State of New Jersey with a principle place of business therein at 501 North Jerome Avenue in Margate City, New Jersey 08402-1525.

12. At all times material hereto, the Katz JCC was acting individually and by and through its agents, servants, and/or employees, who were acting in the course and scope of their employment with, and under the direct control and/or right of control, of the Katz JCC.

13. At all times material hereto, the Katz JCC owned, maintained, controlled, possessed, managed, warranted, and/or repaired the commercial building located at 501 North Jerome Avenue, including the gymnasium where the Katz JCC setup pickleball courts.

14. Defendants *John Does 1-10*, *Jane Does 1-10*, *ABC Corporation 1-10*, *ABC Professional Association 1-10*, *XYZ Institution 1-10*, and *XYZ Partnership 1-10* (herein collectively as "*John Does*") are fictitiously named defendants whose identities are presently unknown to Plaintiffs, but who at all times relevant hereto were individuals, partnerships, corporations and/or other parties that may be responsible for the causation of Plaintiffs' injuries.

15. At all times relevant hereto, John Does, were acting by and through their agents, servants and/or employees who were then and there acting in the course and scope of their employment with and under the direct control and/or right of control of defendants, John Does and/or the Katz JCC.

## IV. FACTS COMMON TO ALL COUNTS

16. According to its' website, the mission of the Katz JCC includes the promotion of the health and welfare of its members:



17. As of January 2017, Plaintiffs were members of the Katz JCC.

18. As of January 2017, the Katz JCC offered members the ability to play pickleball in the indoor gymnasium.

19. When the gymnasium was designated for pickleball, the Katz JCC would use painted red lines and red tape in order to setup two pickleball courts.

20. The pickleball courts were not placed in the center of the gym.

21. Instead, one side of the pickleball court was substantially closer to the cinderblock wall than the other side.

22. In addition, the Katz JCC installed safety padding on only *half* of the portion of the cinderblock wall located behind the pickleball court:



23. On January 11, 2017, at approximately 5:00 p.m., Dr. Smallow was a lawful business invitee at the Katz JCC.

24. At that time, the Katz JCC setup two pickleball courts in the indoor gymnasium for members.

25. On January 11, 2017, Dr. Smallow was one of the members who accepted the Katz JCC's open invitation to participate in pickleball.

26. On January 11, 2017, at approximately 5:00 p.m., Dr. Smallow was caused to fall by reason of a negligently maintained and/or defective condition in the gymnasium.

27. As a result, Dr. Smallow's head viciously collided with the unpadded cinderblock wall located directly behind where the Katz JCC situated the pickleball court.

28. As a direct and proximate result of Defendants' carelessness, negligence, recklessness, and other liability-producing conduct, Dr. Smallow suffered serious, severe and permanent disabling injuries.

29. Dr. Smallow's injuries include, but are not limited to: traumatic brain injury, fractured temporal bone, epidural hematoma, right temporal extra-axial hemorrhage and left-sided subarachnoid hemorrhage, cerumen debris on tympanic membrane of both ears, conductive hearing loss of right ear with restricted hearing of the left ear, superior semicircular canal

5

dehiscence of both ears, severe tinnitus, bilateral vestibular hypofunction, autophony, dizziness, vertigo, and other injuries the full extent of which are not yet known, and some or all of which may be permanent in nature.

30. As a direct and proximate result of the carelessness, negligence, recklessness, and other liability-producing conduct of Defendants, Plaintiffs have in the past required, continues to require, and will in the future require, medical treatment and care, and have in the past, continue presently, and will in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation and attempt to alleviate and/or cure his condition.

31. All of the aforementioned injuries:

   a. Have prevented Plaintiffs from engaging in and enjoying the normal activities of life;

   b. Will prevent Plaintiffs from engaging in and enjoying the normal activities of life in the future;

   c. Have prevented Dr. Smallow from attending to his usual duties, activities, and occupations, causing a loss of earnings;

   d. Will prevent Dr. Smallow from attending to his usual duties, activities, and occupations in the future causing a loss of earning capacity;

   e. Have required Plaintiffs to spend money and incur obligation in an effort to treat and care for the aforementioned injuries; and,

   f. Will require Plaintiffs to spend money and incur obligations in the future for medical, rehabilitative, and other treatment and care and other disability-related expenses in an effort to treat and care for the aforementioned injuries.

32. Plaintiffs aforementioned injuries were caused by the negligence of Defendants, their respective agents, servants, and/or employees, and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiffs.

## V. CAUSES OF ACTION

### COUNT I – NEGLIGENCE
*Plaintiff, Stevan Smallow, M.D. v. Defendant, The Milton and Betty Katz Jewish Community Center of Atlantic County a/k/a and/or d/b/a Milton & Betty Katz JCC*

33. Plaintiff hereby incorporates by reference all of the averments and allegations contained in the foregoing paragraphs as though the same were set forth herein.

34. The negligence, carelessness, and reckless conduct of the Katz JCC, its agents, servants, and/or employees, includes the following:

   a. Failing to install appropriate padding;

   b. Failing to install padding;

   c. Failing to consult an appropriate person/entity regarding the placement and utility of padding on cinderblock walls;

   d. Failing to correct a dangerous condition;

   e. Permitting a dangerous defect and/or condition to exist on/of the premises;

   f. Failing to properly inspect said premises;

   g. Failing to properly locate the pickleball court;

   h. Failing to provide proper maintenance to the floor of the gymnasium;

   i. Failing to maintain said premises;

   j. Failing to properly maintain said premises;

   k. Failing to provide appropriate training to employees in safely setting up the gymnasium for pickleball;

   l. Failing to select competent contractors and employees;

   m. Failing to fire incompetent contractors and employees;

   n. Failing to conduct appropriate surveys;

   o. Failing to repair said premises;

7

p.  Failing to prevent foreseeable harm under the circumstances set forth herein;

q.  Failing to provide a safe gymnasium for business invitees;

r.  Failing to warn of a dangerous condition on the premises;

s.  Failing to warn of a dangerous defect on the premises;

t.  Failure to properly train employees;

u.  Failure to provide safety training;

v.  Failure to implement a proper care and maintenance schedule for the gymnasium floor;

w.  Failing to apply appropriate and/or sufficient sealant to the gymnasium floor;

x.  Failing to properly supervise employees who setup the pickleball court;

y.  Failing to properly setup the pickleball court;

z.  Failing to supervise activities within gymnasium including pickleball games;

aa. Failing to understand the risks of danger posed by indoor pickleball;

bb. Failing to contract and/or retain a professional, responsible and/or reliable contractor/company/entity for the maintenance/inspection/repair of said premises;

cc. Failing to provide adequate safety measures for plaintiff to protect himself on said premises;

dd. Failing to provide appropriate spacing between the end of the pickleball court and the cinderblock wall;

ee. Failing to warn Plaintiffs that there was not adequate spacing between the end of the pickleball court and the cinderblock wall;

ff. Failing to install proper safety precautions in the gymnasium;

gg. Failure to implement approved industry guidelines with respect to the layout of the pickleball court;

hh. Failure to consult with an appropriate safety expert;

ii. Failing to evaluate, consider, and implement appropriate layout guidelines for a pickleball court in the gymnasium;

jj. Failing to provide a clean surface in the gymnasium that insures optimal traction and control for individuals invited to play sports on the premises;

kk. Causing Dr. Smallow to slip and fall;

ll. Failing to prevent injuries to Plaintiffs;

mm. Failing to safeguard the welfare of all business invitees;

nn. Violating the applicable statutes, laws and ordinances of New Jersey, applicable Federal laws and regulations, and the laws of the municipality where the accident occurred pertaining to the events described herein.

35. As a result of the aforementioned events, Dr. Smallow was caused to suffer excruciating and agonizing pain and suffering, and injuries including, but not limited to: traumatic brain injury, fractured temporal bone, epidural hematoma, right temporal extra-axial hemorrhage and left-sided subarachnoid hemorrhage, conductive hearing loss, superior semicircular canal dehiscence of both ears, bilateral vestibular hypofunction and severe tinnitus.

**WHEREFORE,** Plaintiffs demand judgment in their favor and against all Defendants in an amount in excess of Seventy-Five Thousand ($75,000.00), as well as lawful interest and costs.

## COUNT II – LOSS OF CONSORTIUM
*Plaintiff, Susan Smallow v. Defendant, The Milton and Betty Katz Jewish Community Center of <u>Atlantic County a/k/a and/or d/b/a Milton & Betty Katz JCC</u>*

36. Plaintiffs hereby incorporate by reference all of the averments and allegations contained in the foregoing paragraphs as though the same were set forth herein.

37. As a result of the injuries sustained by husband-plaintiff, Dr. Smallow, his wife, Susan Smallow, has been deprived of the services, aid, comfort, conjugal fellowship, society, and companionship of her husband.

38. As a result of the injuries sustained by husband-plaintiff, Susan Smallow will be deprived of the services, aid, comfort, conjugal fellowship, society, and companionship of her husband for an indefinite time in the future, to her great detriment and loss.

**WHEREFORE,** Plaintiffs demand judgment in their favor and against all Defendants in an amount in excess of Seventy-Five Thousand ($75,000.00), as well as lawful interest and costs.

### COUNT III – NEGLIGENCE/LOSS OF CONSORTIUM
*Plaintiffs v. Defendants, John Does 1-10, Jane Does 1-10, ABC Corporation 1-10, ABC Professional Association 1-10, XYZ Institution 1-10,* **and** *XYZ Partnership 1-10*

39. Plaintiffs hereby incorporate by reference all of the averments and allegations contained in the foregoing paragraphs as though the same were set forth herein.

40. Plaintiffs pray for leave of this Honorable Court to seasonably amend this Complaint and name the true identities of John Does 1-10, Jane Does 1-10, ABC Corporation 1-10, ABC Professional Association 1-10, XYZ Institution 1-10, and XYZ Partnership 1-10 if and when their true identities and roles in the within matter are ascertained by the Plaintiffs.

**WHEREFORE** demand judgment in their favor and against all Defendants in an amount in excess of Seventy-Five Thousand ($75,000.00), as well as lawful interest and costs.

### VI.  PRAYER FOR RELIEF

41. Plaintiff hereby incorporates by reference all of the averments and allegations contained in the foregoing paragraphs as though the same were set forth herein.

**WHEREFORE**, Plaintiffs demand judgment against all Defendants named herein, jointly and severally, awarding Plaintiffs:

  a. Compensatory and consequential damages to the fullest extent permitted under applicable law for the severe and permanent injuries suffered by Plaintiffs that were more particularly described herein above;

  b. Pecuniary damages;

  c. Damages for conscious pain and suffering, loss of earning capacity, and loss of enjoyment of life's pleasures;

  d. Loss of consortium;

  e. Damages for loss of household services, loss of guidance, advice and counsel, loss of financial support, loss of care, comfort and companionship,

f. Medical care and related expenses;

g. Attorney's fees and costs of suit; and/or

h. Any such additional relief as the Court deems just and proper.

**WAPNER, NEWMAN, WIGRIZER, BRECHER & MILLER**

BY: **/s/ Robert S. Miller**
**Robert S. Miller, Esq.**
**Jason S. Weiss, Esq.**
**WAPNER, NEWMAN, WIGRIZER, BRECHER & MILLER**
**2000 Market Street, Suite 2750**
**Philadelphia, PA 19103**
**(215-569-0900 – telephone)**
**(215-569-4621 – facsimile)**
**millerr@wnwlaw.com/weissj@wnwlaw.com**

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all triable issues.

**WAPNER, NEWMAN, WIGRIZER, BRECHER & MILLER**

BY: **/s/ Robert S. Miller**
**Robert S. Miller, Esq.**
**Jason S. Weiss, Esq.**
**WAPNER, NEWMAN, WIGRIZER, BRECHER & MILLER**
**2000 Market Street, Suite 2750**
**Philadelphia, PA 19103**
**(215-569-0900 – telephone)**
**(215-569-4621 – facsimile)**
**millerr@wnwlaw.com/weissj@wnwlaw.com**